IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| YYZ, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 13-579-SLR |
| v. | ) |
| | ) **PUBLIC VERSION** |
| ADOBE SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

## LETTER TO THE HONORABLE SUE L. ROBINSON FROM RICHARD L. HORWITZ

Enclosures

cc: Clerk of the Court (via hand delivery, w/encs.)
Counsel of Record (via electronic mail, w/encs.)

Dated: November 25, 2014
Public Version Dated: December 2, 2014
1173490 / 40269

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteraderson.com

*Attorneys for Defendant Adobe Systems, Inc.*



1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

November 25, 2014; Public Version Dated: December 2, 2014

**VIA ELECTRONIC FILING**

The Honorable Sue L. Robinson
U.S. District Court for the District of Delaware     **PUBLIC VERSION**
J. Caleb Boggs Federal Building
844 King Street
Wilmington, DE 19801

        Re:    *YYZ, LLC v. Adobe Systems, Inc.*, C.A. No. 13-579-SLR

Dear Judge Robinson:

        Defendant Adobe Systems, Inc. ("Adobe") hereby submits this letter as requested by the Court at the status conference held on November 17, 2014, to summarize its position with respect to the parties' privilege log dispute.

        The documents improperly withheld by YYZ fall into the following five categories. The privilege log entries affected by each of these categories are identified in the attached schedule, along with five documents for each category that Adobe respectfully requests that YYZ provide for the Court's *in camera* review.[1]

**1.     Documents and communications between YYZ, LLC and ▓▓▓**

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ YYZ engaged ▓▓▓ to assist it in monetizing the patents asserted in this case. Asserting common interest privilege, YYZ has apparently withheld every communication it had with ▓▓▓ during this engagement. However, the common interest privilege does not indiscriminately shield all documents and communications shared between two companies merely because the companies share a similar interest. *See United States v. Doe*, 429 F.3d 450, 453 (3d Cir. 2005) (holding that "identical (or nearly identical) legal interest as opposed to a merely similar interest" is necessary for assertion of common interest privilege) (internal citations omitted). The common interest privilege is only applicable to documents that are otherwise subject to attorney-client privilege or the work product doctrine which are shared between companies that share a common legal interest over

---

[1] Adobe notes that its selection of documents may not constitute a representative sample of all such communications as Adobe has not had access to the underlying documents, and is making these selections based solely on the generic descriptions in YYZ's privilege log (attached as Ex. A).

The Honorable Sue L. Robinson
November 25, 2014
Page 2

the subject matter of the underlying privileged document. *Grider v. Keystone Health Plan Cent., Inc.*, 2005 WL 2030456, at *6 (M.D. Pa. July 28, 2005) (common interest privilege "does not apply where attorney-client privilege and work product doctrine do not.") (internal quotations omitted). Further, "if the primary purpose of a communication is to solicit or render advice on nonlegal matters, the communication is not within the scope of the attorney-client privilege." *Union Carbide Corp. v. Dow Chemical Co.*, 619 F. Supp. 1036, 1046-1047 (D. Del.1985). Moreover, courts in this District (and others) have found that communications made for purposes of furthering this goal are not attorney-client privileged. *See, e.g., Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 2002 WL 31556497, at *1-2 (D. Del. Nov. 15, 2002) (holding that documents related to business discussions regarding strategies and approaches to licensing of the patent were not attorney-client privileged or subject to attorney work product protection, even where counsel was copied on the communications); *see also Diagnostics Systems Corp. v. Symantec Corp.*, No. 06-1211, 2008 WL 9396387, at *5-6 (C.D. Cal. Aug. 12, 2008) (classifying "how to identify patents to acquire and 'targets' to assert them against, how to 'assess value,' and how to develop an 'assertion plan'" as "clearly business functions [that] cannot be categorized in sweeping assertions of privileges"). Therefore, communications between YYZ and ▌▌▌▌ that merely relate to licensing strategies, identification of targets or other business issues are not privileged and should not be withheld.

2.  **Mr. Cyr's communications with himself**

In a number of instances, YYZ has withheld communications, described as "▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌" as attorney-client privileged. Yet, these communications are sent from one of Mr. Cyr's email addresses to another, with no third parties identified in the log. As described, these entries appear not to involve any third parties that can be identified as Mr. Cyr's "outside counsel." Adobe is unable to evaluate whether YYZ has properly asserted privilege over these communications without further disclosure of the communications' previous recipients. Adobe requests that YYZ be required either: to identify any additional recipients of the communications in questions that support YYZ's assertions of privilege or to produce them.

3.  **Communications disclosed to YYZ investors**

YYZ has withheld a number of communications on which its non-managing member investors, Messrs. ▌▌▌▌▌▌▌▌▌▌▌▌ were copied. Because YYZ is an LLC, only its managing member, Mr. Cyr, or members with managerial responsibilities, may assert privilege over communications on the LLC's behalf. *See, e.g., Carpenters Pension Trust v. Lindquist Family, LLC*, 2014 WL 1569195, at *4 (N.D. Cal. Apr. 18, 2014) (holding that only members with managerial responsibilities may assert privilege over communications on behalf of the LLC); *see also Montgomery v. eTreppid Techs., LLC*, 548 F. Supp. 2d 1175, 1187 (D. Nev. 2008) (finding that when an LLC is a party to a litigation, "only the current management may assert or waive such privilege.")

The Honorable Sue L. Robinson
November 25, 2014
Page 3

▬▬▬▬▬ Therefore, any communications which were disclosed to its non-managing members should not be withheld as privileged.

**4.    Work product protection re patent prosecution and reexamination documents**

In a number of instances, YYZ has asserted work product protection with respect to its patent prosecution and patent reexamination activities. Mere participation in patent prosecution or patent reexamination does not give rise to work product protection. *Hercules, Inc. v. Exxon Corp.*, 434 F. Supp. 136, 152 (D. Del. 1977) ("The prosecution of an application before the Patent Office is not an adversary, but an ex parte proceeding"); *In re Application of Minebea Co.*, 143 F.R.D. 494, 499 (S.D.N.Y. 1992) ("Generally, work performed by an attorney to prepare and prosecute a patent application does not fall within the parameters of the work-product protection.").

Documents constitute protectable work product only "if the 'primary motivating purpose' behind the performance of the work was to assist in the pending or impending litigation." *In re Application of Minebea Co.*, at 499. This is a high bar to meet, *Inventio AG v. Thyssenkrupp Elevator Ams. Corp.*, 2010 WL 9546391, at *3 (D. Del. June 17, 2010), and YYZ has failed to meet it.

**5.    Attachment to non-privileged communication**

The final category of documents improperly withheld by YYZ consists of only one document: an attachment to an email which itself was produced as non-privileged. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Yet this spreadsheet was not produced even while other attachments to the email were.

YYZ claims that this document is protected work product. YYZ's position simply does not make sense. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Even if the document in question was at one point protected work product, YYZ waived this protection by disclosing it to Acacia, a third party negotiating with YYZ at arms' length. By producing the email, to which this document was attached, YYZ admits that its communications with ▬▬▬▬ were not privileged. The attachment is an integral part of that communication. YYZ cannot simultaneously claim that the communication is not privileged, and then withhold a significant portion of it.

                                                            Respectfully,

                                                            */s/ Richard L. Horwitz*

                                                            Richard L. Horwitz

The Honorable Sue L. Robinson
November 25, 2014
Page 4

RLH:nmt/1173859/38879

Enclosures
cc: Clerk of the Court (via hand delivery, w/encs.)
     Counsel of Record (via electronic mail, w/encs.)

Schedule of disputed privilege log entries

| Category | All affected entries | Entries selected for *in camera* review |
|---|---|---|
| 1 | 4-8, 14-50, 52-79, 83, 85, 94, 95, 116, 117, 119-122, 126-143, 147-162, 164-172, 175, 211, 213-218, 222, 228-230, 232-237, 242, 243, 245, 246, 248, 249, 251-253, 268-270, 285-309, 311-317, 320, 322-326, 328, 329, 331-336, 338-341, 543, 544, 561-564, 570, 571, 573-583, 586, 587, 590-593, 595, 596, 598, 628-636, 640, 643, 644, 649-651, 660-669, 671-682, 688-706, 708, 711, 712, 714-716, 718-720, 725-733, 740-742, 744, 745, 750, 757, 759-761, 787-858, 860, 861, 864, 868-870, 872, 873, 875-883, 885-906, 934, 943, 944, 956-959, 1065, 1066, 1070-1075, 1077-1084, 1087, 1091, 1093-1095, 1099, 1102-1105, 1107, 1120-1122, 1126, 1128, 1129, 1131-1133, 1138, 1143, 1146-1149, 1151-1153, 1159-1161, 1164, 1219-1222, 1338, 1340-1348, 1350, 1354-1356, 1358-1365, 1369-1372 | 4, 328, 583, 904, 1372 |
| 2 | 363, 368, 374-378, 381-386, 391-397, 399-405, 408-411, 414-418, 423-458, 460-464, 469, 470, 472, 475 | 363, 437, 458, 463, 472 |
| 3 | 721, 722, 936, 938, 940, 1060, 1333 | 722, 936, 940, 1060, 1333 |
| 4 | 17, 19, 21, 22, 29, 39-41, 209-218, 222, 223, 227-235, 292, 308, 328, 511, 599, 663, 711, 714, 726, 729, 805, 822, 824, 936, 938, 956-960, 962-969, 977, 982, 983, 1016, 1078, 1123, 1125, 1159, 1160, 1167, 1184, 1223-1226, 1284, 1350, 1372 | 17, 599, 1123, 1284, 1350 |
| 5 | 1324 | 1324 |